IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.

**FERNANDO LEDEZMA-MEJIA,**

    Defendant.

No. 6:20-cr-00403-AA

**OPINION & ORDER**

AIKEN, District Judge.

This case comes before the Court on Defendant Fernando Ledezma-Mejia's Motion to Dismiss Information, ECF No. 25, and Supplemental Motion to Dismiss Information, ECF No. 33. For the reasons set forth below, the Motion to Dismiss, ECF No. 25, is GRANTED .

### BACKGROUND

Defendant entered the United States in 1989 at the age of seventeen.  Ledezma-Mejia Decl. ¶ 3, Def. Ex. A. ECF No. 25-1.  In 2007, Defendant was convicted in Arizona state court of Attempt to Commit Human Smuggling in violation of Ariz. Rev. Stat. § 13-2319. Def. Ex. B.  At the time, the offense was considered an aggravated felony and defendant was presented with a Notice of Intent to Issue a Final Administrative Removal Order, Form I-851, informing Defendant that the Government intended to deport him from the United States.  Def. Mot. Ex. C.  Defendant acknowledged receipt of the Notice and signed the portion of the form indicating that he admitted

the allegations of the Notice, admitted that he was deportable, and waived his right to rebut or contest the charges. *Id.* Defendant indicated that he wished to be removed to Mexico. *Id.*

A Final Administrative Removal Order for Defendant was signed on June 27, 2007 and served on Defendant the following day. Def Mot. Ex. D. The Removal Order found that Defendant was not a U.S. citizen; that he was not lawfully admitted to the United States; and that he had a final conviction for an aggravated felony and was "ineligible for any relief from removal." *Id.* Defendant was ordered removed to Mexico. *Id.*

In 2016, Defendant reentered the United States and, in 2019, Defendant was found in Oregon. Gov. Ex. C. A Notice of Decision to Reinstate Prior Order was issued on October 22, 2019. *Id.* On August 27, 2020, Defendant was charged by information with Illegal Reentry in violation of 8 U.S.C. § 1326. ECF No. 17.

## DISCUSSION

In Defendant's Motion to Dismiss, Defendant contends that his original administrative removal was defective. When a defendant collaterally challenges the validity of a prior deportation in a § 1326 prosecution, he must show (1) that he exhausted his administrative remedies, (2) that his deportation proceedings improperly deprived him of the opportunity for judicial review, and (3) that entry of the prior deportation order was fundamentally unfair. 8 U.S.C. § 1326(d)(1)-(3); *United States v. Gonzalez-Villalobos*, 724 F.3d 1125, 1126 (9th Cir. 2013). "An underlying removal order is fundamentally unfair if: (1) a defendant's due process rights were violated by defects in his underlying deportation proceeding, and (3) he suffered prejudice as a result of the defects." *United States v. Melendez-Castro*, 671 F.3d 950, 953 (9th Cir. 2012) (internal quotation marks and citation omitted, alterations normalized).

Here, Defendant argues that his prior human smuggling conviction was later held not to be an aggravated felony.[1] *See United States v. Aguilar-Reyes*, 723 F.3d 1014, 1016 (9th Cir. 2013) (regarding "as settled" that "because the Arizona statute [Ariz. Rev. Stat. § 13-2319] lacks an 'in furtherance' element, it not a categorical 'alien smuggling offense.'"). The Government does not dispute that Defendant's offense of conviction is no longer considered an aggravated felony.

In *United States v. Palomar-Santiago*, ___U.S.___, 141 S. Ct. 1615 (2021), the Supreme Court held that because § 1326(d) requires that a defendant meet all three elements to challenge his prior removal and "a court may not excuse a failure to exhaust." *Id.* at 1621-22. In § 1326(d), the "first two procedural requirements are not satisfied just because a noncitizen was removed for an offense that did not in fact render him removable." *Id.* at 1621. As such, the Court must considered all three elements of a collateral challenge to the prior removal under § 1326(d).

A. **Administrative Exhaustion**

Defendant argues that he satisfies § 1326(d)(1) because he had no available administrative remedies where he could contest the immigration officer's determination that his prior conviction was an aggravated felony. Defendant was removed pursuant to 8 U.S.C. § 1228(b), which provides expedited administrative processes to remove individuals who have been convicted of aggravated felonies. Def. Ex. C, at 1. As discussed above, the parties agree that Defendant's conviction no longer qualifies as an aggravated felony.

Defendant's Form I-851 informed him of several enumerated grounds upon which he could contest his order of deportation. These were (1) that he was a "citizen or national of the United States," (2) that he was a "lawful permanent resident of the United States," (3) that he "was not convicted of the criminal offense" described in the form. Def. Ex. C, at 2. The form does not

---

[1] Foreign nationals may be removed from the United States if they are convicted of an "aggravated felony." 8 U.S.C. § 1227(a)(2)(A)(iii).

provide an option for challenging the legal conclusions underlying the removal decision and Ninth Circuit has observed that the construction of "the Notice of Intent's three check boxes suggested just the opposite—that removability could only be contested on factual grounds." *Untied States v. Valdivia-Flores*, 876 F.3d 1201, 1205-06 (9th Cir. 2017).  Courts within the Ninth Circuit have observed, in nearly identical circumstances, that "to the extent the Defendant would have wanted to challenge the legal basis for his removal, no administrative remedies were available to him." *United States v. Sam-Pena*, 602 F. Supp.3d 1204, 1209 (D. Ariz. 2022); *see also United States v. Castanon-Sanchez*, Case No. 3:22-cr-00041-ART-CRD, 2023 WL 3601043, at *4 (D. Nev. May 22, 2023) (holding same).

The Government argues that Defendant could have filed a motion to reopen the administrative removal order pursuant to 8 C.F.R. § 103.5(a)(1)(i) after Defendant's crime of conviction was found not be an aggravated felony.  However, the Tenth Circuit has held that the "very purpose of § 1228(b) is to provide DHS with an efficient method by which to *expeditiously* remove an unlawful alien previously convicted of an aggravated felony," and that a "motion to reconsider or reopen pursuant to 8 C.F.R. § 103.5 is incompatible with that method." *Aguilar-Aguilar v. Napolitano*, 700 F.3d 1238, 1243 n.3 (10th Cir. 2012) (emphasis in original).

The Court is persuaded by the reasoning of *Sam-Pena* and *Castanon-Sanchez* that no administrative remedies were available to Defendant to challenge the legal basis for his removal.

### B. Deprivation of Judicial Review

Form I-851 provides that the individual facing removal has "the right to remain in the United States for 14 calendar days so that you may file a petition for review of this order to the appropriate U.S. Circuit Court of Appeals." Def. Ex. C, at 1.  On the form, Defendant checked the box saying

> I admit the allegations and charge in this Notice of Intent. I admit that I am deportable and acknowledge that I am not eligible for any form of relief from removal. I waive my right to rebut and contest the above charges. I do not wish to request withholding or deferral of removal. I wish to be removed to Mexico.

Def. Ex. C, at 2.

A separate check box specifically concerning waiver of the right to remain in the United States for purposes of judicial review is not checked. Def. Ex. C, at 2. Although Defendant remained in the United States for more than fourteen days after signing the form, he did not file a petition for review of the order. However, Defendant asserts that he did not make a considered and intelligent waiver of his right to judicial review.

"The government bears the burden of proving valid waiver," *United States v. Ramos*, 623 F.3d 672, 680 (9th Cir. 2010), and must do so by clear and convincing evidence. *United States v. Pallares-Galan*, 359 F.3d 1088, 1097 (9th Cir. 2004). A reviewing court must "indulge every reasonable presumption against wavier," *Ramos*, 623 F.3d at 680, and "evaluate the surrounding circumstances" to determine if the waiver was considered and intelligent. *Valdivia-Flores*, 876 F.3d at 1205. As for the Form I-851 itself, "the 'introduction of an official document signed by the defendant waiving his right to appeal is insufficient to meet the government's burden of proving a valid waiver.'" *Sam-Pena*, 602 F. Supp.3d at 1210 (quoting *United States v. Gomez*, 757 F.3d 885, 895 (9th Cir. 2014)).

In *Castanon-Sanchez*, the court found that "[t]he Notice of Intent does not explicitly inform an immigrant that he can refute, through either an administrative or judicial procedure, the legal conclusion underlying his removability," and that the construction of the form suggested that only factual challenges could be mounted. *Castanon-Sanchez*, 2023 WL 3601043, at *5.

> The form [I-851]'s deficiencies are magnified when, as here, the immigrant was not represented and never had the benefit of appearing before an immigration judge,

who, we presume, would have adequately conveyed both his appeal options and the finality associated with waving appeal.

*Castanon-Sanchez*, 2023 WL 3601043, at *5 (quoting *Valdivia-Flores*, 876 F.3d at 1205-06).

As a result, the court in *Castanon-Sanchez* found that the defendant's waiver of the right to judicial review was not considered and intelligent. *Id.* In this case, the Court is confronted with a nearly identical situation and reaches the same conclusion. The Court concludes that Defendant's wavier of judicial review was not considered and intelligent and that he has satisfied the second element required under § 1326(d). The present case involves an identical challenge to the same form and Court reaches the same conclusion as the court in *Castanon-Sanchez*.

### C. Fundamental Fairness

"Where a prior removal order is premised on the commission of an aggravated felony, a defendant who shows that the crime of which he was previously convicted was not, in fact, an aggravated felony, has established both that his due process rights were violated and that he suffered prejudice as a result." *United States v. Martinez*, 786 F.3d 1227, 1230 (9th Cir. 2015). Here, Defendant was administratively removed based on a conviction which was later determined not to constitute an aggravated felony. As Defendant had not committed an aggravated felony, he was ineligible for removal through the expedited administrative process, satisfying § 1326(d)(3). *See Sam-Pena*, 602 F. Supp.3d at 1212 (holding same); *Castanon-Sanchez*, 2023 WL 3601043, at *5 ("Because it is now clear Castanon-Sanchez's prior kidnapping conviction is not an aggravated felony, he was prejudiced by the fact that he was removed for having an aggravated felony that made him ineligible for relief from deportation).

## CONCLUSION

The Court finds that Defendant has satisfied the requirements of § 1326(d) and dismisses the information on that basis. The Motion to Dismiss the Information, ECF No. 25, is GRANTED.

The Court need not reach the alternative arguments for dismissal presented in Defendant's Supplemental Motion to Dismiss, ECF No. 33.

    It is so ORDERED and DATED this _16th_ day of June 2023

                                     /s/Ann Aiken
                                     ANN AIKEN
                                     United States District Judge